UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS JORGE, on behalf of himself )
and all others similarly situated )
)
        Plaintiffs, ) Case No. 1:17-CV-09271-WHP
)
vs. )
)
GANT U.S.A. CORPORATION )
)
        Defendants. )
)

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff, Carlos Jorge ("Plaintiff") and Defendant, GANT U.S.A. Corporation. ("GANT" or "Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties") for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181- 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28C.F.R. § 36.201(a).

#7679151 v3 \018161 \0004

1

3. On November 27, 2017, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendant. The Plaintiff alleged that those U.S. portions of the website directed at consumers which can be accessed by U.S. based consumers through the use of the domain name http://www.gant.com (the "Website" as further defined in Paragraph 14), contains barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, 42 U.S.C. §§12181–12189.

4. Defendant expressly denies that the Website violates of Title III of the ADA or any other comparable regulation or statute. By entry into this Consent Decree, Defendant does not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from such allegations [ECF No. 1].

6. This Consent Decree is entered into by the Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates, or contacts to have operated, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28

#7679151 v3 \018161 \0004

C.F.R. §§ 36.104, 36.201(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8.     Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10.    Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this putative class action lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## DEFINITIONS

11.    "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12.    "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13.    "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and with respect to Defendant's Website (as defined below) shall mean commercially reasonable efforts to improve the existing level of accessibility of the

#7679151 v3 \018161 \0004

3

PN

Website to Persons with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.0 Level A Success Criteria (as defined therein) ("WCAG 2.0 A") as a guideline to make such improvements. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 21 through 23 and 25 through 35 of this Consent Decree. Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant or its affiliates' Website-related operations would constitute an undue burden, as defined in Title III of the ADA but as applied to Defendant's consumer focused merchandise-selling Website-related operations, or would otherwise require efforts that are not commercially reasonable, technically feasible or constitute a fundamental alteration of the Website's features or primary use.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and purchase products on-line for delivery to their homes or places of business in some geographic areas. "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated or controlled by Defendant but that are linked from or to Website or its mobile applications.

15. Third-Party Content means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

**TERM**

16.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty (30) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA

17.     **Web Accessibility Conformance Timeline**: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website to Persons with a visual impairment as set forth in paragraph 13 hereof by no later than April 30, 2020 (the "Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period").

18.     **Website Accessibility Policy:** Within one hundred and eighty (180) days after the Effective Date, Defendant shall adopt and implement a website accessibility policy whereby, among other components, any changes or additions to the Website will be consistent with its obligations under paragraph 13, if such changes are made after the Modification Period ends.

19.     **Website Accessibility Resource:** For the Term of this Consent Decree, Defendant shall continue to employ, retain and/or shall appoint one or more individuals or entities, who are generally knowledgeable about website accessibility, to provide assistance with website accessibility issues (e.g., WCAG 2.0 A, accessible website design), which person or persons may change from time to time within Defendant's discretion ("Website Accessibility Resource").

20.     **Website Accessibility Evaluation:** Within one hundred and eighty (180) days after the Effective Date (the "Initial Deadline"), Defendant will have evaluated the accessibility of the Website pursuant to the guidelines of WCAG 2.0 A ("Website Accessibility Evaluation").

21.     **Website Accessibility Conformance Statement:** By no later than thirty (30) days after the conclusion of the Modification Period and no earlier than the conclusion of the

#7679151 v3 \018161 \0004

Modification Period, Plaintiff's counsel may request of Defendant's counsel that Defendant provide to Plaintiff's counsel a written statement summarizing the steps it has determined are or were necessary to comply with its obligations under paragraphs 13 and 17 (the "Statement"). Defendant and Defendant's counsel have no obligation to provide the Statement unless timely requested in writing by Plaintiff's counsel.

22. **Plaintiff's Right to Conduct Compliance Audit:** Plaintiff (through Plaintiff's counsel) shall have the right to perform, at his own cost, his own accessibility testing of the Website. Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the receipt of the Statement defined in Paragraph 21 to identify to Defendant in writing any ways in which he reasonably believes and contends that Defendant has not substantially complied with its obligations under paragraphs 13 and 17. If Plaintiff does not raise any issues in writing within the applicable time frame (or fails to request the Statement within the timeframe set forth in Paragraph 21), Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Website. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under paragraphs 13 and 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that the Plaintiff acknowledges and waives any and all rights that he may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

23. **Website Accessibility Notice Statement:** Within no later than: (i) ninety (90) days after the conclusion of the Modification Period, or (ii) fifteen (15) business days after Plaintiff confirms the Website's substantial conformance with Defendant's obligations under

#7679151 v3 \018161 \0004

PN

paragraphs 13 and 17 should Plaintiff raise any issue regarding Defendant's purported failure to so conform pursuant to Paragraph 22, whichever is sooner, Defendant shall add a section or link to the Website labeled "Accessibility" which shall contain, at least, a statement setting forth the Website's compliance with WCAG 2.0 A guidelines and provide an e-mail address or link through which users of the Website can provide feedback regarding the Website's accessibility.

## SPECIFIC RELIEF TO PLAINTIFF

24.  **Specific Relief**: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters through a separate confidential settlement agreement, the terms of which regarding changes to Defendant's Website are consistent with this Consent Decree (the "Settlement Agreement"). The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

25.  The procedures set forth in Paragraphs 21 through 23 and 26 through 35 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a guideline of WCAG 2.0 A with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

26.  Plaintiff will notify Defendant in writing if it believes that the Website is in any way not compliant with this Consent Decree in accordance with the timeline and procedures set

#7679151 v3 \018161 \0004

forth in Paragraph 21 through 22. Defendant will notify Plaintiff in writing if it believes there is a criteria of WCAG 2.0 with which it cannot substantially comply hereunder.

27. If any issue remains unresolved following the Parties' compliance with procedures set forth above, within thirty (30) days thereafter, the Parties will each have an additional thirty (30) days to select an expert and the two selected experts will mutually select an independent expert (the "Accessibility Consultant") with experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with Defendant's obligations under paragraphs 13 and 17.

28. The Parties agree that no breach of this Consent Decree shall be deemed to have occurred unless (a) the Accessibility Consultant determines that the particular item(s) of the Website is not in substantial conformance with Defendant's obligations under paragraphs 13 and 17 and (b) Defendant fails to remedy the issue within a reasonable period of time of not less than sixty (60) days of receiving the Accessibility Consultant's written opinion. If the Accessibility Consultant believes that a reasonable time to remedy the items found to be not usable is longer than 60 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel.

29. Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraph 26 after the procedures in Paragraphs 27 through 28 have been exhausted, the dispute shall be handled pursuant to the procedures set forth in Paragraphs 30 through 35 below.

30. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with Notice of Non-Compliance

#7679151 v3 \018161 \0004

8

containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a brief statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

31.     Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 30, the non-initiating Party shall respond to the initiating Party in writing.

32.     Within fourteen (14) days after the response described in Paragraph 31, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

33.     If the matters raised in a Notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meet and confer required by Paragraph 32, either Party may submit the unresolved matters to nonbinding mediation before a mediator chosen by the Parties. If the designated mediator is unable to serve as mediator or the Parties cannot agree to a mediator, then a mediator affiliated with Judicial Arbitration & Mediation Services ("JAMS") shall be appointed. All costs of any mediation shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any mediation.

34.     If the dispute is not resolved in mediation, the Parties then will submit the matter for binding arbitration before a single arbitrator affiliated with JAMS. The arbitration hearing shall be conducted at a mutually convenient location and pursuant to JAMS Streamlined Arbitration Rules and Procedures. Those Rules will be modified as necessary to ensure that the hearing is held as soon as practicable after the submission to arbitration, and that a written decision on the matter is rendered within sixty (60) days of the last hearing date with each Party to bear their own fees and costs. The award of the arbitrator will be enforceable in this Court.

#7679151 v3 \018161 \0004

All costs of any arbitration shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any arbitration.

35. Any of the time periods set forth in Paragraphs 30 through 34 may be extended by mutual agreement of the Parties.

36. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:

>Daniel Cohen, Esq.
>DANIEL COHEN PLLC
>300 Cadman Plaza W, 12th Floor
>Brooklyn, NY 11201
>E-mail: dan@dccohen.com
>Phone: (646) 645-8482
>Fax:     (347) 665-1545

To Defendant:

>GANT U.S.A. Corporation
>c/o Michael L. Martell
>Morrison Cohen LLP
>909 Third Ave.
>NY, NY 10022
>Email: mmartell@morrisoncohen.com
>Phone: 212-735-8652
>Fax: 917-522-3152

With a copy to:

>Morrison Cohen LLP
>Attn: Fred H. Perkins, Esq.
>909 Third Avenue, 27th floor
>New York, NY 10022
>Email: fhperkins@morrisoncohen.com
>Phone: 212-735-8647
>Fax: 917-522-3147

#7679151 v3 \018161 \0004

## MODIFICATION

37. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

38. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

39. Except for the Settlement Agreement, this Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described and addressed herein, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

40. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND

41. This Consent Decree shall be binding on the Parties and their successors and assigns. In the event that the Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

#7679151 v3 \018161 \0004

42. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any persons with a visual impairment who seek to access the Website, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein.

43. The Plaintiff and the Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

44. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

45. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

#7679151 v3 \018161 \0004

Agreed and Consented to:

_____
Carlos Jorge, Individually

GANT USA CORPORATION

By _____
Its   P. NILSSON


Dated: March ___, 2018
       New York, NY

v3 \018161 \0004

Agreed and Consented to: *[signature: Carlos Jorge]*

_____
Carlos Jorge, Individually

GANT, USA CORPORATION

By_____
Its _____

Dated: March 20, 2018
       New York, NY

SO ORDERED:

*[signature]*
_____
WILLIAM H. PAULEY III
U.S.D.J.

#7679151 v3 \018161 \0004

13